# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2595 | **DATE** | 1/17/2001 |
| **CASE TITLE** | Fireman's Fund Ins vs. Panalpina et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 3/19/2001 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant the motion (Doc 19-1) to dismiss Fireman Fund's complaint against Defendant Challenge Air Cargo, Inc. All discovery to be completed by March 19, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 1 9 2001 | 29 |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | JAN 17 PM 3:03 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FIREMAN'S FUND INSURANCE )
COMPANY, a/s/o MOTOROLA, INC., )
)
Plaintiff, )
)
vs. ) 00 C 2595
)
PANALPINA, INC., a New York )
corporation, FINE AIR SERVICES, INC., )
a Florida corporation, CHALLENGE AIR )
CARGO, INC., a Florida corporation, and, )
MONROE TRANSPORTATION, INC., )
an Illinois corporation, )
)
Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

INTRODUCTION

Before the Court is the unopposed motion of Defendant Challenge Air Cargo, Inc. ("Challenge") to dismiss Plaintiff Fireman's Fund Insurance Company's ("Fireman's Fund") complaint. Because the complaint against Challenge is time-barred under the Warsaw Convention, we grant Challenge's motion.

## BACKGROUND

For purposes of a motion to dismiss, we must take Plaintiff's allegations as true. This case arises from the shipment of cellular phones transported from Motorola, Inc.'s facility in Libertyville, Illinois to a consignee in Caracas, Venezuela. Defendant Panalpina, Inc. ("Panalpina"), an international indirect air cargo carrier, agreed to transport the shipment on or about April 28, 1998. Panalpina received the goods from Motorola on or about that same day. The goods arrived at the airport in Caracas on or about May 1, 1998. A portion of the goods, however, were stolen and never delivered according to the terms of the air waybills. Motorola carried a property insurance policy with Fireman's Fund that covered the stolen goods. Pursuant to the policy, Fireman's Fund paid Motorola $45,650 and became fully surrogated to all the rights of Motorola to pursue the instant claims.

On April 28, 2000, Fireman's Fund filed an action against Panalpina and Fine Air Services, Inc. ("Fine Air"), which is an international cargo carrier. Fireman's Fund brought the complaint pursuant to the Warsaw Convention asserting claims of breach of contract, violation of provisions of the Warsaw Convention, breach of bailment, and negligence against Panalpina and Fine Air. More than three months later, on August 17, 2000, Fireman's Fund filed its first amended complaint naming additional defendants including Challenge.

Challenge filed this motion to dismiss the complaint on November 22, 2000. Fireman's Fund submitted a response on December 14, then an amended response on December 27. On January 12, Fireman's Fund appeared in court on its motion to withdraw its amended response, which we granted. Accordingly, we rule today on Challenge's unopposed motion according to the applicable law.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests whether the plaintiff has properly stated a claim for which relief may be granted. See Pickrel v. City of Springfield, Ill., 45 F.3d 1115, 1118 (7th Cir. 1995). The court must accept as true all of the plaintiff's well-pleaded factual allegations as well as all reasonable inferences. See Coates v. Illinois State Bd. of Educ., 559 F.2d 445, 447 (7th Cir. 1977). However, the court need "not strain to find inferences favorable to the plaintiffs" which are not apparent on the face of the complaint. Id. The court will dismiss a complaint under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984)).

## DISCUSSION

The parties agree that this action falls within the scope of the Warsaw Convention. According to the Warsaw Convention, all lawsuits must be brought within two years from either the date of arrival of the shipment, or from the date on which the shipment should have arrived, or from the date on which transportation stopped. See 49 U.S.C. § 40105. This statute of limitations is a condition precedent not subject to equitable tolling. See Kadir v. Singapore Airlines, No. 98 C 4710, 1999 WL 261932, at *3 (N.D. Ill. Apr. 16, 1999) (citing Fishman by Fishman v. Delta Air Lines, Inc., 132 F.3d 138, 143 (2d Cir. 1998); Magnus Elecs., Inc. v. Royal Rank of Canada, 611 F. Supp. 436, 443 (N.D. Ill. 1985)). Challenge maintains that Fireman Fund's claims against it are time-barred under the Warsaw Convention.

In the instant case, Fireman's Fund has alleged that the goods arrived in Caracas on or about May 1, 1998. Accordingly, the two-year statute of limitations began to run on or about May 1, 1998 and expired on or about May 1, 2000. Fireman's Fund did not file its complaint against Challenge until August 17, 2000. The date of filing is thus more than two years after the date of the alleged arrival of the goods. These dates are fatal to Fireman Fund's claims against Challenge. We are unable to construe any set of facts that permit Fireman's Fund to avoid the consequences of the Warsaw

Convention's two-year statute of limitations. Consequently, we dismiss Fireman Fund's claims as to Challenge because they are time-barred.

## CONCLUSION

For the foregoing reasons, we grant the motion to dismiss Fireman Fund's complaint against Defendant Challenge Air Cargo, Inc.

                                                _/s/ Charles P. Kocoras_
                                                Charles P. Kocoras
                                                United States District Judge

Dated:     January 17, 2001